DISTRICT COURT.                    AUGUST 5, 1859.

CRIMINAL LAW.

## THE UNITED STATES *v.* JACKSON.

Mail matter and express matter were in the same car. An intent to commit robbery in the car was proved against the prisoner, but the act was frustrated: *Held,* that the intent must be referred to both kinds of matter.

THE OFFENCE laid in the indictment was an assault on a mail agent with attempt to rob the mail.

*Mr. Cassidy,* for the defence.

He took the ground that if the defendant was in the car at all it was for the purpose of robbing the express, and not the United States mail, and appealed to the reason of the jury to say if this was not a more probable conclusion to arrive· at than that charged in the bill of indictment. The money, a large amount of it, was there, as was shown by the witnesses for the United States, and it was much more likely that a man in the car under such circumstances had that and not the mail, a large portion of which was paper mail and worthless, as his object. He dwelt strongly on this point, and asked the jury to give it their conscientious consideration, and he doubted not that they would render a verdict of acquittal.

After a few remarks in reply by the District Attorney, Judge Cadwalader charged the jury substantially as follows:

Every attempt to commit a felony, is at the common law indictable as a misdemeanor. The act of Congress on which the present indictment is framed, in effect makes an assault upon a person having the custody of the mail, a misdemeanor, if the assault was intended as a means of enabling the assailant to rob the mail.

In this case an assault upon him without an intent to rob the mail will not sustain the prosecution. But an assault upon him with such an intent, if proved, will sustain it.

The unauthorized sqeezing of a liquid from a sponge upon the face of the person in charge of the mail, was in law an assault upon him. If you find that the assault was thus committed, the only question will be as to the intent.

Here the character of the liquid squeezed from the sponge may be considered. You probably will find from the evidence that it was chloroform, which has a soporific tendency. You may also take into consideration the evidence tending to show that the defendant had intruded himself secretly into the mail car, where his presence was unauthorized. If a person under such circumstances adopts means of this kind to render drowsy a person whose duty it is to be watchful, the inference of a guilty intent will probably appear to the jury very strong. You have also a right to take into consideration the fact that the defendant when he came into the mail car was armed with a loaded pistol.

The circumstances, taken together, tend strongly to prove that the defendant's intention was to rob. The jury will judge of their effect.

The argument on the part of the defence—that the evidence tends to show an intent to take rather the property in charge of the express agent, which was in the same car, than the contents of the mail bags—remains for consideration. If the evidence had tended to prove only one of these alternative intents, leaving it uncertain of which of them the defendant was guilty, this argument might deserve serious notice, and a careful review of the testimony might be necessary.

But, if the case presented is one in which the defendant's acts have a tendency to prove an intent to take from this car whatever was in it of greatest value that he might be able to get away with, including, as well the contents of the mail bags, as those of the express packages, then he is, in law, guilty of both intents, including that with which he is charged in this indictment. A man who thus is guilty to a greater extent than the specific charge, cannot so qualify the definition of his guilt, or apportion its probable tenden-

cies as to escape the legal consequences in a case like the present, in which the law refers the guilt to the attempt, and not to the consummation, of the purpose.

At twenty minutes past nine o'clock the jury came in with a verdict of guilty, with a recommendation to the mercy of the Court.